# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ALLEN SPRAGGINS,<br><br>                    Plaintiff,<br><br>    vs.<br><br><br>STATE OF ALASKA; STATE OF GEORGIA; STATE OF ARKANSAS; RUSSELL L. CRISP; NICOLE GIRARD; EVELYN WILLIAMS; and JUDGE WILLIAM F. MORSE,<br><br>                    Defendants. | CASE NO. 11-CV-0987 - IEG (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**(2) *SUA SPONTE* DISMISSING COMPLAINT** |

Plaintiff commenced this action on May 6, 2011, alleging his civil rights were violated. [Doc. No. 1.] Along with his Complaint, Plaintiff submitted a Motion to Proceed In Forma Pauperis. Having considered Plaintiff's request, Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*, but **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

## DISCUSSION

**I.    MOTION TO PROCEED *IN FORMA PAUPERIS***

All parties instituting any civil action, suit, or proceeding in a district court, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). However, an action may proceed despite failure to pay the filing fee if the party is granted an *in forma pauperis* ("IFP") status. See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The

1  Court may grant IFP status to any party who demonstrates that he or she is unable to pay such fees
2  or give security therefor.  28 U.S.C. § 1915(a).
3  　　　　In the present case, having reviewed Plaintiff's motion and declaration in support of
4  motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the required
5  filing fees.  See Rodriguez, 169 F.3d at 1177.  Accordingly, good cause appearing, the Court
6  **GRANTS** Plaintiff leave to proceed *in forma pauperis*.
7  **II.     INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**
8  　　　　After granting IFP status, the Court must dismiss the case if the case "fails to state a claim
9  on which relief may be granted" or is " frivolous."  28 U.S.C. § 1915(e)(2)(B); see also Lopez v.
10 Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not
11 only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails
12 to state a claim).  A complaint is frivolous "where it lacks an arguable basis either in law or in
13 fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded on other grounds as stated in
14 Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000)).  Where a complaint fails to state "any
15 constitutional or statutory right that was violated, nor asserts any basis for federal subject matter
16 jurisdiction," there is no "arguable basis in law" under Neitzke and the court on its own initiative
17 may decline to permit the plaintiff to proceed and dismiss the complaint under Section 1915.  Cato
18 v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).
19 　　　　Here, in connection with state court proceedings relating to child support, Plaintiff seeks
20 monetary damages and a recalculation of payments due.  See Compl.  Plaintiff has sued each of the
21 individual Defendants in his or her official capacity.  Id.
22 　　　　Plaintiff's complaint fails to state a claim upon which relief can be granted.  To the extent
23 he seeks relief from a final state court judgment, this Court lacks jurisdiction to grant relief.  See
24 Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003) (holding that the Rooker-Feldman doctrine bars
25 direct and de facto appeals from final state court judgments).  Even if the Court had jurisdiction,
26 Plaintiff's Complaint would be subject to dismissal to the extent he seeks monetary damages.  See
27 Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (Absent a waiver of Eleventh
28 Amendment immunity, neither states nor state officials, acting in their official capacities, are

1 | subject to suit for damages under 42 U.S.C. § 1983 in federal court). Accordingly, the Court
2 | **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a), but **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint for failing to state a claim upon which relief can be granted.

Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a First Amended Complaint addressing the deficiencies of the pleading set forth above. Plaintiff is cautioned his First Amended Complaint must be complete in itself, without relying on references to the original Complaint. Plaintiff is further cautioned any defendant not named or claim not re-alleged will be considered waived. See King v. Attiyeh, 814 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS SO ORDERED.**

**DATED: May 19, 2011**

*/s/ Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**