

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

DON ALLEN SPRAGGINS,

Plaintiff,

vs.

STATE OF ALASKA; STATE OF GEORGIA; STATE OF ARKANSAS; RUSSELL L. CRISP; NICOLE GIRARD; EVELYN WILLIAMS; and JUDGE WILLIAM F. MORSE,

Defendants.

CASE NO. 11-CV-0987 - IEG (WVG)

**ORDER DISMISSING FIRST AMENDED COMPLAINT**

Plaintiff commenced this action on May 6, 2011, alleging his civil rights were violated. [Doc. No. 1.]  Along with his Complaint, Plaintiff submitted a Motion to Proceed *In Forma Pauperis*.  On May 19, 2011, the Court granted Plaintiff's request to proceed *in forma pauperis*, *sua sponte* dismissed Plaintiff's Complaint, and granted Plaintiff leave to file an amended complaint.  [Doc. No. 3.]  Plaintiff filed his First Amended Complaint ("FAC") on June 13, 2011. [Doc. No. 4.]  After careful review, and for the reasons stated below, the Court **DISMISSES WITH PREJUDICE** Plaintiff's FAC.

///

///

///

///

11cv0987-IEG (WVG)

**DISCUSSION**

I.     **MOTION TO PROCEED *IN FORMA PAUPERIS***

       The Court previously granted Plaintiff leave to proceed *in forma pauperis*.  [Doc. No. 3.]

II.    **INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

       After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted" or is " frivolous." 28 U.S.C. § 1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000)).  Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction," there is no "arguable basis in law" under Neitzke and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under Section 1915.  Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

       Here, in connection with state court proceedings relating to child support, Plaintiff seeks monetary damages and a recalculation of payments due.  See FAC.  Plaintiff has sued each of the individual Defendants in his or her official capacity, and purports to sue each Defendant in his or her individual capacity as well.  Id.

       Plaintiff's FAC fails to state a claim upon which relief can be granted.  To the extent he seeks relief from a final state court judgment, this Court lacks jurisdiction to grant relief.  See Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003) (holding that the Rooker-Feldman doctrine bars direct and de facto appeals from final state court judgments).  Even if the Court had jurisdiction, Plaintiff's FAC would be subject to dismissal to the extent he seeks monetary damages from any state or state official acting in his or her official capacity.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (Absent a waiver of Eleventh Amendment immunity, neither states nor state officials, acting in their official capacities, are subject to suit for damages under 42 U.S.C. § 1983 in federal court).  Finally, although Plaintiff purports to assert claims against individual

1  Defendants acting in their individual capacities, his FAC fails to allege any facts to suggest any of
2  the individual defendants violated his constitutional or statutory rights.

3        Under the circumstances, permitting Plaintiff to amend his FAC would be futile because
4  "amendment would not cure the deficiencies in the complaint."  <u>Reddy v. Litton Indus., Inc.</u>, 912
5  F.2d 291, 296-97 (9th Cir. 1990).  Accordingly, the Court **DISMISSES WITH PREJUDICE**
6  Plaintiff's FAC.

7  <u>**CONCLUSION**</u>

8        Based on the foregoing, the Court **DISMISSES WITH PREJUDICE** Plaintiff's FAC.

9        **IT IS SO ORDERED.**

10  **DATED:  June 17, 2011**

11                                   **IRMA E. GONZALEZ, Chief Judge**
12                                   **United States District Court**